IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DOROTHEA BAUGH,

                         **Plaintiff,**

       **v.**                                    **1:14-cv-2551-WSD**

DELTA AIR LINES, INC.,

                         **Defendant.**

## OPINION AND ORDER

This matter is before the Court on Plaintiff Dorothea Baugh's ("Plaintiff") Motion to Remand to State Court and Motion for Attorneys' Fees [5] (the "Motion to Remand") and her Motion for Leave to File Amended Complaint [3] ("Motion to Amend"). Also before the Court are Delta Air Lines, Inc.'s ("Defendant") Motion to Dismiss for Failure to State a Claim and/or Strike Complaint [2] ("Motion to Dismiss") and its Motion for Oral Argument [8] on its Motion to Dismiss ("Motion for Oral Argument").

## I.    BACKGROUND

On June 30, 2014, Plaintiff filed her Complaint [1-1] ("Complaint") in the State Court of Fulton County, Georgia. Plaintiff's Complaint, on its face, raises a claim for damages based upon state-law negligence by Defendant. Plaintiff alleges

that, on September 19, 2012, Plaintiff was a "paying customer and invitee of Defendant at the Boston Logan International Airport . . . ."  (Complaint ¶ 5).  After entering the airport, Plaintiff checked into her flight and was "flagged as blind and needing assistance."  (Id. ¶ 6).  After her flight was called for boarding, Plaintiff "notified Defendant's employee stationed in front of the gate that she was blind and needed assistance boarding Defendant's aircraft, but Defendant's employee instructed her to immediately proceed with boarding without assistance."  (Id. ¶ 8).  Following the instructions of Defendant's employee, Plaintiff claims she tripped and fell while attempting to walk down the sloping ramp to board the aircraft.  (Id. ¶¶ 9-10).  She alleges she suffered serious injuries and incurred medical expenses as a result of her fall.  (Id.).

Plaintiff asserts that Defendant owed her a duty of care, and that Defendant's breach of that duty was the cause of her injuries.  (Id. ¶¶ 11-13).  Plaintiff's Complaint does not allege any federal statute or regulation that applied to Defendant's conduct, and her claims are not brought pursuant to a federal statute or regulation.

On August 7, 2014, Defendant filed its Notice of Removal [1] (the "Notice"), asserting that Plaintiff's "claims present a Federal Question and/or are pre-empted by Federal law."  (Notice at 2).  Defendant asserts that the Air Carrier

2

Access Act of 1986 (the "ACAA")[1] is a federal law that prohibits air carriers from discriminating against individuals with disabilities.  (Id. at 2-3).  Defendant argues that Plaintiff's state-law negligence claim is preempted by the ACAA, and that the rights and remedies she may have, if any, are only those afforded by the ACAA. (Id.).  To the extent that Plaintiff contends she has other claims not preempted by federal law, the Court has supplemental jurisdiction over them pursuant to 28 U.S.C. § 1367.  (Id. at 4).

On August 26, 2014, Plaintiff filed her Motion to Remand, asserting that her Complaint raises only a state-law negligence claim, and that Defendant seeks to "manufacture" federal question jurisdiction by contending that Plaintiff's actual claim is one based on discrimination under the ACAA.

On August 13, 2014, Defendant filed its Motion to Dismiss, asserting that, because Plaintiff's claims are actually disability discrimination claims under the ACAA, Plaintiff's Complaint should be dismissed because the ACAA does not provide a private right of action.  On August 26, 2014, Plaintiff filed her Motion to Amend her Complaint, in which she seeks permission to file an amended complaint that, in part, adds an allegation that the Defendant was negligent per se

---

[1]     49 U.S.C. § 41705 *et seq.*

under Massachusetts law for failing to exercise the duty of care for disabled

passengers set forth in the ACAA.  (Amended Complaint [3-1] ¶ 12(g)).

## II.    DISCUSSION

### A.    Legal Standard

 "[A]ny civil action brought in a State court of which the district courts of

the United States have original jurisdiction, may be removed by the defendant" to

federal court.  28 U.S.C. § 1441(a).  Where removal is challenged, the removing

party has the burden to show removal is proper, or the case must be remanded to

the state court.  Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001).

"[U]ncertainties are resolved in favor of remand."  Burns v. Windsor Ins. Co., 31

F.3d 1092, 1095 (11th Cir. 1994).  Once a case is removed, "[i]f at any time before

final judgment it appears that the district court lacks subject matter jurisdiction, the

case shall be remanded."  28 U.S.C. § 1447(c).

### B.    Federal Question Jurisdiction

Defendant contends that removal of this action is proper because the Court

has federal question jurisdiction pursuant to 28 U.S.C. § 1331.  See 28 U.S.C.

§ 1331 ("The district courts shall have original jurisdiction of all civil actions

arising under the Constitution, laws, or treaties of the United States.").  Whether a

claim "arises under" federal law "is governed by the 'well-pleaded complaint rule,'

which provides that § 1331 jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Dunlap v. G&L Holding Grp., Inc., 381 F.3d 1285, 1290 (11th Cir. 2004) (quoting Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987)).  The plaintiff is "the master of the claim," and he may avoid federal jurisdiction by relying exclusively on state law, even where a federal claim is also available.  Id. (quoting Caterpillar, 482 U.S. at 392).  Even when a plaintiff has pleaded only state-law causes of action, however, he may not avoid federal jurisdiction if either "(1) his state-law claims raise substantial questions of federal law or (2) federal law completely preempts his state-law claims."  Id. (citing Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 13 (1983)).

Plaintiff asserts only a state-law cause of action in her Complaint.  For the Court to have federal question jurisdiction, Plaintiff's claim must either raise a "substantial federal question" or be "completely preempted" by federal law.  See id. at 1291.

C.    Analysis

The ACAA amended the Federal Aviation Act (the "FAA).  See 49 U.S.C. § 40101 et seq.  In 2003, the ACAA implementing regulations, entitled the "Nondiscrimination on the Basis of Disability in Air Travel," were enacted (the

5

"ACAA Regulations").  The ACAA Regulations "prohibit[] both U.S. and foreign carriers from discriminating against passengers on the basis of disability; require[] carriers to make aircraft, other facilities, and services accessible; and require[] carriers to take steps to accommodate passengers with a disability." 14 C.F.R. § 82.1.

Defendant claims that because Plaintiff is physically disabled and her claim arose while attempting to board an aircraft, her rights and remedies are those allowed pursuant to the ACAA and, because the ACAA preempts Plaintiff's state-law claim and does not provide a private cause of action, Plaintiff's claim is required to be dismissed.  (Notice at 2-4; Motion to Dismiss at 7-10).  Plaintiff, in her Motion to Remand, contends she is not asserting a discrimination claim pursuant to the ACAA, but only a state-law tort claim for damages based upon Defendant's negligence.  (Motion to Remand at 2).  Plaintiff alleges that Defendant was negligent in failing to:

> (a) keep its premises and approaches safe for invitees, in violation of Massachusetts law; (b) ensure that the premises and boarding procedures were in a safe and proper condition for blind passengers; (c) properly and adequately assist Plaintiff in boarding Defendant's aircraft, after Defendant knew, or should have known, of her condition; (d) follow its own policies and procedures in assisting disabled, or blind invitees into Defendant's aircraft; (e)  properly assist Plaintiff when defendant knew this created a hazardous condition, in violation of Massachusetts law; and (f) exercise extraordinary care required to protect Plaintiff, a known blind

> passenger, while she was attempting to negotiate the boarding ramp
> and board Defendant's aircraft, in violation of Massachusetts law.

(Motion to Remand at 4; Complaint ¶ 11).

Four of Plaintiff's claims appear to relate to Defendant's alleged failure to assist Plaintiff in boarding Defendant's aircraft.  The ACAA Regulations provide that an air carrier:

> must promptly provide or ensure the provision of assistance requested
> by or on behalf of passengers with a disability, or offered by carrier or
> airport operator personnel and accepted by passengers with a
> disability, in enplaning and deplaning.

14 C.F.R. § 382.95.  Neither this Court nor the Eleventh Circuit has addressed directly whether the ACAA preempts state-law negligence claims.

### 1.    Complete Preemption

Under the Supremacy Clause, when a state law conflicts, or is incompatible, with federal law, federal law preempts the state law.  Teper v. Miller, 82 F.3d 989, 993 (11th Cir. 1996); see also U.S. CONST. art. VI, § 2.  Preemption generally arises under three circumstances: (1) where Congress has expressly preempted state law ("express preemption"); (2) where Congress has legislated so comprehensively that federal law occupies an entire field of regulation and leaves no room for state law ("field preemption"); or (3) where federal law conflicts with state law such that it is impossible to comply with both or that the state law stands

as an obstacle to the objective of the federal law ("conflict preemption").

United States v. Alabama, 691 F.3d 1269, 1281 (11th Cir. 2012) (citing Fla. State Conf. of NAACP v. Browning, 522 F.3d 1153, 1167 (11th Cir. 2008)).  The ACAA does not contain an express preemption provision, and Defendant does not argue that a conflict exists between the ACAA and Massachusetts law, and the Court does not find a conflict.[2]  The question in this case is whether there is field preemption of Plaintiff's claim.

Field preemption "precludes the states 'from regulating conduct in a field that Congress, acting within its proper authority, has determined must be regulated by its exclusive governance.'"  Odebrecht Const., Inc. v. Sec'y, Florida Dep't of Transp., 715 F.3d 1268, 1274 (11th Cir. 2013) (quoting Arizona v. United States, 132 S. Ct. 2492, 2501 (2012)).  The Court "may infer congressional intent to displace state law altogether 'from a framework of regulation so pervasive that Congress left no room for the States to supplement it or where there is a federal interest so dominant that the federal system will be assumed to preclude

---

[2]     Conflict preemption generally applies either when it is impossible to comply with both the state and federal laws or when the state law stands as an obstacle to the objective of the federal law.  America's Health Ins. Plans v. Hudgens, 742 F.3d 1319, 1329 (11th Cir. 2014) (citing Alabama, 691 F.3d at 1281).  Defendant has not cited, and the Court likewise has not found, any relevant state law that, if complied with, would create a conflict with Defendant's obligations under the ACAA.

enforcement of state laws on the same subject.'"  Id. (quoting Arizona, 132 S. Ct. at 2501).  Field preemption, also called complete preemption, is:

> a narrowly drawn jurisdictional rule for assessing federal removal jurisdiction when a complaint purports to raise only state law claims. It looks beyond the complaint to determine if the suit is, in reality, purely a creature of federal law, even if state law would provide a cause of action in the absence of the federal law.  It transforms the state claim into one arising under federal law, thus creating the federal question jurisdiction requisite to removal to federal courts.

Dunlap, 381 F.3d at 1290 n.8 (citing Geddes v. Am. Airlines, Inc., 321 F.3d 1349, 1352–53 (11th Cir. 2003)).

     "Complete preemption is a narrow exception to the well-pleaded complaint rule and exists where the preemptive force of a federal statute is so extraordinary that it converts an ordinary state law claim into a statutory federal claim."  Conn. State Dental Ass'n v. Anthem Health Plans, Inc., 591 F.3d 1337, 1343 (11th Cir. 2009).  It occurs "if a federal cause of action completely preempts a state cause of action."  Dunlap, 381 F.3d at 1290 (quoting Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 24 (1983)).  "[F]ederal law should be found to completely preempt state law 'only in statutes with 'extraordinary' preemptive force.'"  Id. at 1291 (quoting Geddes v. Am. Airlines, Inc., 321 F.3d 1349, 1353 (11th Cir. 2003)).  The Supreme Court and Eleventh Circuit have recognized complete preemption in only three federal statutes: (1) the

Labor Management Relations Act (2) the Employee Retirement Income Security Act of 1974, and (3) the National Bank Act.  See id. (citing Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 7–11 (2003)).  Complete preemption applies to those statutes "because all three 'provide[] the exclusive cause of action for the claim asserted and also set forth procedures and remedies governing that cause of action.'"  Id. (quoting Beneficial, 539 U.S. at 8).

Whether the ACAA preempts Plaintiff's state-law negligence claim is guided by two cornerstones of preemption jurisprudence.

> First, "the purpose of Congress is the ultimate touchstone in every pre-emption case."  Second, "[i]n all pre-emption cases, and particularly in those in which Congress has 'legislated . . . in a field which the States have traditionally occupied,' . . . we 'start with the assumption that the historic police powers of the States were not to be superseded by the Federal Act unless that was the clear and manifest purpose of Congress.'"

Wyeth v. Levine, 555 U.S. 555, 565 (2009) (quoting Medtronic, Inc. v. Lohr, 518 U.S. 470, 485 (1996)) (internal quotations omitted).

There are several factors to consider in determining whether federal law has completely preempted state law in an area.  These factors include: (1) whether the state claim is displaced by federal law under an ordinary preemption analysis; (2) whether the federal statute provides a cause of action; (3) what kind of jurisdictional language exists in the federal statute; and (4) what kind of language

is present in the legislative history to evince Congress's intentions.  Smith v. GTE Corp., 236 F.3d 1292, 1312 (11th Cir. 2001) (citing BLAB T.V. of Mobile, Inc. v. Comcast Cable Communications, Inc., 182 F.3d 851, 857 (11th Cir. 1999)).  The "focus of each of the tests [is] 'to determine whether Congress not only intended a given federal statute to provide a federal defense to a state cause of action that could be asserted either in a state or federal court, but also intended to grant a defendant the ability to remove the adjudication of the cause of action to a federal court by transforming the state cause of action into a federal [one].'"  Id. (quoting BLAB, 182 F.3d at 857).  Of the three statutes that the Supreme Court has identified as completely preempting state-law claims, it concluded that preemption applied to these statutes because "all three 'provided the exclusive cause of action for the claim asserted and also set forth procedures and remedies governing that cause of action.'"  Id. at 1291 (citing Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 7–11 (2003)).

> 2.   Decisions Discussing the ACAA

In arguing that there is complete preemption here, Defendant relies, in part, on one Eleventh Circuit and several district court opinions.  These cases do not support that complete preemption precludes Plaintiff's claim in this action.  Defendant principally relies on the Eleventh Circuit's decision in Love v. Delta Air

Lines, to support its argument that the ACAA preempts Plaintiff's state-law claim. (Notice at 2). Love was not a preemption case but one which considered whether the ACAA provided a private right of action for an alleged failure to provide accommodations to a disabled passenger.

In Love, a passenger disabled by childhood polio and who was required to use a wheelchair alleged that Delta failed to provide to her various accommodations she claimed were required by the ACAA to accommodate her polio-caused disability. The accommodation deficiencies she alleged were (i) the failure to have a "call button" in the airplane's restroom to call for assistance; (ii) the failure to provide an aisle chair to assist her in accessing the restroom; (iii) a restroom that was too small to accommodate her disability; (iv) the failure to provide adequate privacy in the restroom; and (v) the failure to provide adequately trained employees to respond to Plaintiff's disability. Love v. Delta Air Lines, 310 F.3d 1347, 1350 (11th Cir. 2002). The plaintiff in Love asserted that, in failing to provide the accommodations alleged, Delta violated the Americans with Disabilities Act (the "ADA") and the ACAA. Id. The Eleventh Circuit applied the four criteria set out in Alexander v. Sandoval, 532 U.S. 275, 288-91 (2001) to determine whether the ACAA provided a private cause of action for alleged ACAA violations. The Eleventh Circuit found that the ACAA and its regulations

provided an administrative enforcement mechanism and that a private right of action to enforce alleged ACAA violations did not exist.  Id. at 1357-1360.  Unlike here, the plaintiff in Love asserted only federal-law disability discrimination claims.  The Eleventh Circuit in Love did not analyze whether the ACAA preempts state-law negligence causes of action, and Love is not useful to the preemption analysis required in this case.

Defendant next relies on Gill v. JetBlue Airways Corp., a decision from the United States District Court for the District of Massachusetts, and cases from district courts in the Ninth Circuit, to assert that Plaintiff's failure-to-assist claim is preempted by the ACAA and that federal jurisdiction applies in this case.  These cases, Defendant argues, draw a distinction between cases in which negligence is based upon an airline's failure to provide access or assistance--as allegedly occurred in this case--which they have found to be preempted, and cases where the injuries result from assistance being provided in a negligent manner, which are not preempted.  (Notice at 2-3).

In Gill, a passenger asserted a claim for negligent provision of boarding assistance, which the court in Gill found was not preempted by the ACAA.  Gill v. JetBlue Airways Corp., 836 F. Supp. 2d 33, 45-46 (D. Mass. 2011).  In Gill, the airline claimed that § 41713(b)(1) of the Airline Deregulation Act, 49 U.S.C.

§ 41713(b)(1), expressly pre-empted the plaintiff's claims for negligence which resulted in injury to the plaintiff during boarding.  Section 41713(b)(1), the court in Gill opined, "prohibits any state from 'enact[ing] or enforc[ing] a law, regulation, or other provision having the force and effect of law related to a price, route, or service of an air carrier.'"  Id. at 38 (quoting 49 U.S.C. § 41713(b)(1)).

The defendant in Gill contended that the plaintiff's claim for negligent injury to a passenger during boarding was precluded by Section 41713(b)(1) because boarding processes are a "service" under Section 41713(b)(1) to which the claim of negligence was related.  Id. at 39.  The court in Gill held that "service" did not include those relating to airport operations and maintenance.  Id. at 40.  "[I]n cases involving personal injury, courts have generally held that negligence claims were not preempted by the ADA on the grounds that the enforcement of tort remedies is not sufficiently 'related to' airline services."  Id. at 42.  The Gill court noted that it "is difficult to believe that Congress would [in the ADA], without comment, remove all means of judicial recourse for those injured by illegal conduct."  Id. at 42 (quoting Hodges v. Delta Airlines, Inc., 44 F.3d 334, 338 (5th Cir. 1995) (en banc)).

In evaluating the plaintiff's tort claim under the ACAA, the Gill court found that the ACCA is directed at prohibiting discrimination and that state-law

14

negligence claims other than those that are the "result of aircraft operational hazards" are not preempted.  Id. at 44.  As for negligent provision of boarding assistance, Gill provides:

> ACAA regulations establish no specific requirements as to the manner in which such services must be provided.  At most, those regulations specify the circumstances under which airlines must (or must not) provide particular forms of accommodations; they do not impose a standard of care.  Because the ACAA regulations provide no alternative standard of care to that contained in the state tort law, the claim of negligent provision of assistance is not preempted.

Id. at 45.

Plaintiff here asserts that she was not provided assistance in navigating the boarding ramp, and it was this failure to provide assistance that caused her injuries. The reasoning in Gill, thus, does not bar Plaintiff's claim, but does support that state-law causes of action can exist harmoniously with preempted claims of disability accommodation failure.  That is, a state-law negligence claim may be asserted so long as the core of the claim is not a claim of disability discrimination under the ACAA.  This is consistent with the federal district court decisions cited by Defendant.

The United States District Court for the Northern District of California, in Summers v. Delta Airlines, Inc., addressed whether the ACAA preempts claims brought by disabled individuals for failure to assist.  In Summers, the plaintiff had

15

various physical limitations which required special assistance from defendant Delta Air Lines when entering or existing the aircraft.  Summers v. Delta Airlines, Inc., 805 F. Supp. 2d 874, 876 (N.D. Cal. 2011).  The plaintiff requested wheelchair assistance for a flight to San Jose, California.  Id.  When the plane arrived in San Jose it did not pull up to the gate, requiring passengers to depart the plan by walking onto a platform outside the aircraft door and then down a flight of stairs. Id.  Delta did not provide the wheelchair assistance plaintiff requested and the flight crew did not offer to help her deplane.  Id.  The plaintiff tried to exit on her own.  Id.  A large step from the plane to the platform caused the plaintiff to trip, causing injury.  Id.  A flight attendant and pilot, who were within a few steps of the plaintiff when she tried to navigate the step, did not offer to help her do so.  Id. at 876-77.  She brought claims for violation of the standard of care for plaintiff's safe carriage as required by the California Civil Code, failure to provide a safe and fit plane, negligence and negligent infliction of emotional distress.  Id. at 877. Defendant moved to dismiss the claims on the grounds they were preempted by the ACAA.  Id.

16

The <u>Summers</u> court held[3] that whether a claim for injury asserted under state law is preempted depends on whether the ACAA regulates the condition or circumstance alleged to have caused plaintiff's injury.  The <u>Summers</u> court found that "where the [FAA] has issued relevant and persuasive regulations" related to access for and treatment of people with disabilities and a claim is that these directives were not followed, ACAA preemption applies.  <u>Id.</u> at 882 (internal quotations omitted).  "[W]here a disabled passenger brings a claim that does not depend on duties pervasively regulated by the ACAA," the claim is not preempted. <u>Id.</u>  The <u>Summers</u> court held that plaintiff's claims based on "breach of the duty to provide deplaning assistance or to property train employees regarding deplaning procedures for disabled passengers" were preempted because the FAA has enacted specific regulations in these areas.  <u>Id.</u> at 883.  The <u>Summers</u> court noted, however, that the preemption applied only to the state standard of care.  <u>Id.</u> at 883-84.  The state-law claims were allowed based on careless and reckless standards of care in the ACAA.  <u>Id.</u> at 884; <u>see also</u> 14 C.F.R. § 91.13(a).  The <u>Summers</u> court reached the same conclusion for plaintiff's negligence and negligent infliction of emotional distress claims.

---

[3]     The <u>Summers</u> court reviewed a variety of cases in which ACAA preemption was claimed, finding that the cases seemingly conflicted with each other.  The Court agrees with this observation and has sought also to find a coherent thread in the decisions.

The cases cited by Defendant do not stand for the proposition that the ACAA preempts state-law negligence claims. They, at most, support that the ACAA does not provide a private cause of action and does not preempt state-law claims but may preempt the standard of care applied in state-law based claims. Love, 310 F.3d at 1357-60; Gill, 836 F. Supp. 2d at 44-45. The Court must determine if our Circuit would consider Plaintiff's state-law negligence claim completely preempted and, if not, whether the ACAA preempts the state standard of care. The answer to these questions are relevant to whether there is federal question jurisdiction over this case and, if not, or if no federal question remains, is the action required to be remanded.

The courts that have considered questions of ACAA preemption reached different results, but with certain common threads. In Elassaad v. Independence Air, Inc., the Third Circuit considered if the ACAA preempted state-law tort claims. In Elassaad, the plaintiff claimed he suffered injury deplaning the defendant's aircraft in Philadelphia, Pennsylvania. The Elassaad court considered whether the ACAA precluded the plaintiff's state-law claims and if it did, what specifically was precluded.

In Elassaad, the plaintiff, who needed crutches to walk due to the amputation of his right leg, fell off the right side of a staircase while deplaning because the

staircase did not have a railing.  Elassaad v. Independence Air, Inc., 613 F.3d 119,

122 (3d Cir. 2010).  The plaintiff chose not to request help deplaning because he

believed that the only help the defendant, Independence Air, Inc., could offer

would be to physically carry him down the stairs, which he perceived to be

demeaning.  Id.  The plaintiff asserted negligence claims under Pennsylvania law

for failing to offer or render personal assistance to him when he deplaned.  Id. at

122-23.  The defendant moved for summary judgment, asserting preemption by the

ACAA.  The defendant did not argue that the plaintiff's claims were precluded, but

that the ACAA preempted Pennsylvania's negligence standard of care and that the

standard of care that applied only required airlines to provide assistance when

requested to do so by disabled passengers.  Id. at 123.  The Third Circuit disagreed:

> [T]he ACAA is clearly directed at nondiscrimination, and we are not
> persuaded that Congress intended the ACAA to preempt *any* state
> regulation of the interaction between an air carrier and disabled
> passengers (or disabled persons in general).  At most, the ACAA
> might preempt state nondiscrimination laws as they apply to
> discrimination by air carriers against disabled passengers . . . .  State
> nondiscrimination laws, however, are not at issue in this case.  We can
> find no evidence of a "clear and manifest" congressional intent to
> supersede any relevant state tort law or to "leav[e] no room for state
> regulation" in this area, and we thus cannot conclude that field
> preemption applies here.

Id. at 132.  (internal citations omitted).  The Third Circuit concluded that the

plaintiff's case was governed by state-law negligence principles.  Id. at 134.

The Ninth Circuit considered several claims that a plaintiff asserted under California tort law, including negligence and breach of duty of a common carrier and a claim under the ADA against United Air Lines's ("United") due to United's failure to provide plaintiff with wheelchair assistance she requested and required. Gilstrap v. United Air Lines, Inc., 709 F.3d 995, 998 (9th Cir. 2013). The plaintiff alleges she suffered from back and leg problems, and that United, on two flights, failed to provide her with assistance she required. Id. The plaintiff did not allege a claim under the ACAA, but in support of her state-law negligence claim, alleged that under the "California evidentiary rule of 'negligence per se,' a violation of 'a statute, ordinance, or regulation' can support a rebuttable presumption of failure to exercise due care." Id. (citing Cal. Evid. Code § 669(a)(1)).

The Gilstrap court considered whether the ACAA had field-preemptive effect upon state personal-injury causes of action, and concluded that the ACAA did not preempt plaintiff's state-law claims.[4] Id. at 1007, 1009-10. The Gilstrap court reviewed the FAA regulations prohibiting discrimination against disabled persons, noting these:

> impose four general duties on air carriers: "not [to] discriminate against any qualified individual with a disability, by reason of such disability, in the provision of air transportation"; "not [to] require a

---

[4]     The Gilstrap court dismissed plaintiff's ADA claim on the grounds that a terminal did not constitute a place of public accommodation under the ADA.

> qualified individual with a disability to accept special services . . . that the individual does not request"; "not [to] exclude a qualified individual with a disability from or deny the person the benefit of any air transportation or related services that are available to other persons," . . . and "not [to] take any adverse action against an individual . . . because the individual asserts, on his or her own behalf or through or on behalf of others, rights protected" by the regulations or the ACAA.

Id. at 1000-01 (quoting 14 C.F.R. § 382.11(a).  The Gilstrap court noted also the regulations which require air carriers to "provide or ensure the provision of assistance requested by . . . a passenger with a disability . . . in transportation between gates . . . and in moving [within the terminal]."  Id. at 1001 (citing 14 C.F.R. § 382.91(a), (b)) (internal quotations omitted).  The transportation assistance required includes that air carriers must "promptly provide or ensure the provision of assistance requested by or on behalf of passengers with a disability . . . in enplaning and deplaning, including, as needed, the services of personnel and the use of ground wheelchairs, . . . boarding wheelchairs, . . . and ramps or mechanical lifts."  Id. (citing 14 C.F.R. § 382.95(a)) (internal quotations omitted).  It was against this regulatory backdrop that the Gilstrap court considered if the ACAA preempted plaintiff's state-law claim for injury she suffered when the wheelchair she requested was not provided.

Because the ACAA does not contain an express preemption provision, the Gilstrap court evaluated whether the ACAA implies a congressional intent to

preempted personal injury lawsuits under either field or conflict preemption. Relying on the Third Circuit's holding in Abdullah v. American Airlines, Inc., 181 F.3d 363 (3d Cir. 1999), the Gilstrap court found that "federal law generally establishes the applicable standards of care in the field of aviation safety." Id. at 1005 (citing Montalvo v. Spirit Airlines, 508 F.3d 464, 418 (9th Cir. 2009)).

The Gilstrap court noted that "ACAA—which is codified under the 'economic regulations,' not the 'safety' subpart of the FAA . . . is an antidiscrimination imperative, not a safety regulation." Id.[5] The Gilstrap court also considered whether the Third Circuit's FAA preemption opinion in Abdullah regarding the application of FAA preemption was applicable.  In Abdullah, the Third Circuit held that "'federal law establishes the applicable *standards of care* in the field of aviation safety,' but does not preempt state law *remedies*." Id. at 1005 (citing Montalvo, 181 F.3d at 367).  The Ninth Circuit stated that the question for it is whether Abdullah's standard of care preemption analysis under the FAA safety provisions applied to the ACAA "economic regulation" provisions.  In holding that it does, the Gilstrap court found, relying on a variety of cases where federal legislation was found not to preclude state remedies, that:

---

[5]     In making this distinction, the Ninth Circuit distinguished the holding in Elassaad, which found the ACAA did not preempt state law personal injury claims because the ACAA did not apply to aviation safety but only discrimination.

> states may provide a traditional damages remedy for violations of
> common-law duties when those duties parallel federal
> requirements . . . absent any express or implied congressional
> indication otherwise in the statutory scheme at issue.

Id. at 1006 (internal citations and quotations omitted).  The Gilstrap court

stated further:

> Here, not only is there no adverse indication, but the FAA sections
> expressly preserving state *remedies* and requiring insurance coverage
> support the conclusion that state law damages actions remain
> available even when state substantive standards are displaced.

Id.  The Gilstrap court announced a two-part framework in the Ninth Circuit for

evaluating field preemption under the FAA:

> First, we ask whether the particular area of aviation commerce and
> safety implicated by the lawsuit is governed by "pervasive [federal]
> regulations" . . . .  If so, then any applicable state standards of care are
> preempted.  Even in those areas, however, the scope of field
> preemption extends only to the standard of care.

Id.  The Gilstrap court applied this analytical framework to plaintiff's failure to

provide transportation assistance claim and her carrier-employee hostility claim.

The Gilstrap court found the "failure to provide transportation" claim was one in

which the FAA had regulated and the standard of care for this claim was

preempted.[6]  Because the FAA did not regulate how carrier employees should

---

[6]     The United States District Court for the Southern District of Florida, like the
court in Gilstrap and in contravention of the conclusion of the Elassaad court,
concluded that the ACAA, while not preempting state-law negligence claims,

respond to requests for assistance, it found that preemption did not apply to

plaintiff's negligent and intentional infliction of emotional distress claims.[7]  The

Ninth Circuit summarized its holding:

> [F]irst, that the ACAA and its implementing regulations preempt state
> and territorial *standards of care* with respect to the circumstances
> under which airlines must provide assistance to passengers with
> disabilities in moving through the airport.  The ACAA does not,
> however, preempt any state *remedies* that may be available when
> airlines violate those standards . . . .  Second, we hold that the ACAA
> and its implementing regulations do not preempt state-law
> personal-injury claims involving *how* airline agents interact with
> passengers with disabilities who request assistance in moving through
> the airport.

---

preempted the state's standards of care.  Adler v. WestJet Airlines, Ltd.
No. 13-62824, 2014 WL 3114070, at *3 (S.D. Fla. July 8, 2014).  In Adler,
plaintiffs asserted a claim for negligence based upon WestJet Airlines ("WestJet")
removing the Adlers from a flight due to Ms. Adler's use of a service animal.  Id.
at *1-2.  WestJet filed a motion to dismiss, arguing that plaintiff's negligence claim
was preempted by the ACAA and should be dismissed.  Id. at *3.  The court in
Adler found that, while the ACAA abrogates conflicting state-law standards of
care, it "does not categorically result in express, conflict, or field preemption with
regard to state common-law remedies for injuries, distinct from discrimination,
which a plaintiff suffered as a result of an air carrier's failure to provide
appropriate accommodations."  Id.  "[B]ecause the Adlers' state-law negligence
claim is not a claim for disability discrimination, and instead rests upon personal
injuries allegedly suffered as a result of WestJet's failures of care, WestJet has not
demonstrated that the claim is preempted by the ACAA."  Id. (citing Gilstrap, 709
F.3d at 1010-11).  Like the other decisions cited above, the court in Adler did not
address whether this preemption of the standard of care provided the federal courts
with jurisdiction, because the court in Adler had diversity jurisdiction over that
case.

[7]      The Gilstrap court also considered if conflict preemption precluded
plaintiff's state law claims.  In a robust analysis of this preemption doctrine, the
Gilstrap court concluded that it did not apply.  Gilstrap,709 F.3d at 1008-10.

Id. at 1010.[8]

    3.    Complete Preemption Analysis

The Court finds the reasoning and analysis in Gilstrap persuasive, and, after considering the factors set forth by the Eleventh Circuit in Smith v. GTE Corp, believes that the Eleventh Circuit would conclude that the ACAA and the ACAA Regulations do not preclude nor preempt state-law negligence claims in their entirety, though the ACAA and the ACAA Regulations do preempt state-law standards of care.

The Eleventh Circuit, in Smith v. GTE Corp, outlined several factors a court must consider in determining whether federal law has completely preempted state law in an area, the most important if which is whether the federal statute provides a cause of action.[9] Cf. Smith v. GTE Corp., 236 F.3d 1292, 1312 (11th Cir. 2001)

---

[8]    Several of the district court cases from the Ninth Circuit cited by Defendant in its Motion to Dismiss for the proposition that the ACAA completely preempts, and bars, claims brought for failure to assist, did not perform the detailed analysis contained in the subsequently issued Gilstrap opinion. See, e.g., Johnson v. Nw. Airlines, Inc., No. 08-02272, 2010 WL 5564629, at *6 (N.D. Cal. May 5, 2010); Russell v. Skywest Airlines, No. 10-0450, 2010 WL 2867123, at *5 (N.D. Cal. July 20, 2010). The conclusory reasoning of these cases is not persuasive.

[9]    Two additional factors outlined in GTE Corp include: (1) what kind of jurisdictional language exists in the federal statute, and (2) and what kind of language is present in the legislative history to evince Congress's intentions. GTE Corp., 236 F.3d at 1312 (citing BLAB, 182 F.3d at 857). The ACAA and the ACAA Regulations do not contain any jurisdictional language to suggest that they

(citing <u>BLAB T.V. of Mobile, Inc. v. Comcast Cable Communications, Inc.</u>, 182 F.3d 851, 857 (11th Cir. 1999)); <u>Dunlap</u>, 381 F.3d at 1291.

The Eleventh Circuit has previously held that the ACAA does not provide for a private cause of action. <u>See</u> <u>Love</u> at 1359-1360.  Our Circuit has found that, the Supreme Court has recognized complete preemption in only three statutes,[10] and that complete preemption applied to those statutes, "because all three 'provide[] the exclusive cause of action for the claim asserted and also set forth procedures and remedies governing that cause of action.'"  <u>Dunlap</u>, 381 F.3d at 1291 (quoting <u>Beneficial</u>, 539 U.S. at 8).  Thus, the ACAA's lack of a private cause of action is a compelling reason to conclude that Congress did not mean to preempt preexisting state-law negligence causes of action.

The Court notes further, as discussed in <u>Gilstrap</u>, that the FAA specifically recognizes that other remedies may be available under provisions of the FAA--which would include the ACAA--because the FAA remedies are "in addition to any other remedies provided by law."  49 U.S.C. § 40120(c); <u>Gilstrap</u>,

---

completely preempt state-law negligence claims asserted by disabled passengers. The legislative history is also absent of any suggestion that Congress intended to completely preempt state-law tort claims through the enactment of the ACAA.  A fair reading of the ACAA and the ACAA Regulations establish that they do not have "extraordinary preemptive force," and were not meant to preempt state-law negligence claims.

[10]     The Court discusses the three statues the Supreme Court has found complete preemption to apply on page 10 of this Order.

709 F.3d at 1004.  The FAA further requires that Department of Transportation certified air carriers maintain liability insurance "for bodily injury to, or death of, an individual or for loss of, or damage to, property of others, resulting from the operation or maintenance of the aircraft under the certificate."  49 U.S.C § 41112. The <u>Gilstrap</u> court found that the FAA's insurance requirement is important to the determination of the preemptive effect of the statute, as the statute does not create a federal cause of action for personal injury actions, and, therefore, the insurance requirement must contemplate state-law tort actions.  <u>Gilstrap</u>, 709 F.3d at 1004. The Court agrees.

While the Court concludes that the ACAA and the ACAA Regulations do not preclude nor preempt state-law negligence claims, the Court also agrees with the <u>Gilstrap</u> court's conclusion that the ACAA does preempt state-law standards of care.  The ACAA and the ACAA Regulations address an air carrier's economic obligations when engaging in commerce with disabled passengers, and the ACAA Regulations are "pervasive regulations" that detail how an air carrier is to treat a disabled passenger.  With regard to boarding, deplaning, and connecting assistance, Subpart G of the ACAA Regulations provides eight separate sections detailing the assistance air carriers are required to offer to disabled passengers. Relevant in this case is § 382.95, which provides that an air carrier:

must promptly provide or ensure the provision of assistance requested
by or on behalf of passengers with a disability, or offered by carrier or
airport operator personnel and accepted by passengers with a
disability, in enplaning and deplaning.

14 C.F.R. § 382.95.  Plaintiff alleges, in her Complaint, that Defendant was

negligent in failing to:

> (a) keep its premises and approaches safe for invitees, in violation of
> Massachusetts law; (b) ensure that the premises and boarding
> procedures were in a safe and proper condition for blind passengers;
> (c) properly and adequately assist Plaintiff in boarding Defendant's
> aircraft, after Defendant knew, or should have known, of her
> condition; (d) follow its own policies and procedures in assisting
> disabled, or blind invitees into Defendant's aircraft; (e)  properly
> assist Plaintiff when defendant knew this created a hazardous
> condition, in violation of Massachusetts law; and (f) exercise
> extraordinary care required to protect Plaintiff, a known blind
> passenger, while she was attempting to negotiate the boarding ramp
> and board Defendant's aircraft, in violation of Massachusetts law.

(Complaint ¶ 11).[11]  Four of Plaintiff's allegations of negligence are inexplicably

tied to Defendant's alleged failure to assist Plaintiff in boarding the aircraft, a duty

of care that is regulated by the ACAA Regulations.  The Court concludes that the

---

[11]     Plaintiff's Amended Complaint adds an additional claim of negligence,
alleging that Defendant was negligent in: "(g) Failing to exercise the duties of care
required for disabled passengers as established under the [ACAA and ACAA
Regulations], which . . . establish a duty of care on the airlines to provide
assistance to disabled passengers, such as Plaintiff, for their safe traversing of air
terminals, and in boarding or disembarking from aircraft, such failure to meet the
duties under the ACAA and the [ACAA Regulations] constituting a breach of duty
and/or negligence per se under applicable Massachusetts law."  (Amended
Complaint ¶ 12(g)).

ACAA and the ACAA Regulations establish the standard of care Defendant owed to Plaintiff when she was boarding Defendant's aircraft, and thus preempt any different standard of care that may exist under Massachusetts tort law.  See Gilstrap, 709 F.3d at 1007.  Massachusetts law, however, still governs the other elements of negligence, as well as the choice and availabilities of remedies.  See id. at 1006; Elassaad, 613 F.3d at 125.

Having concluded that the ACAA and the ACAA Regulations do not completely preempt Plaintiff's state-law negligence claim, but do preempt Massachusetts' standard of care with regard to Plaintiff's failure to assist in boarding claims, the Court must determine whether the preemption of the state standard of care provides the Court with federal question jurisdiction.  The Court concludes that it does not.

The Supreme Court has noted that the" violation of federal statutes and regulations is commonly given negligence per se effect in state tort proceedings." Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 318 (2005).  The Grable court, citing Merrell Dow Pharm. Inc. v. Thompson, 478 U.S. 804 (1986), noted that a general rule of exercising federal jurisdiction over state claims resting on violations of federal statutes would have "heralded a potentially enormous shift of traditionally state cases into federal courts."  Grable, 545 U.S. at

319; see also Adventure Outdoors, Inc. v. Bloomberg, 552 F.3d 1290, 1296 (11th Cir. 2008) (discussing Grable).  The Supreme Court "thought it improbable that [] Congress, having made no provision for a federal cause of action, would have meant to welcome any state-law tort case implicating federal law "solely because the violation of the federal statute is said to [create] a rebuttable presumption [of negligence] . . . under state law." Grable, 545 U.S. at 319 (quoting Merrell Dow, 478 U.S., at 811–812)

       The Eleventh Circuit and this Court have likewise found that federal jurisdiction does not exist merely because state law provides that the violation of a federal statute establishes negligence.  See Jairath v. Dyer, 154 F.3d 1280, 1284 (11th Cir. 1998) (violation of ADA as an element of a state cause of action does not confer federal-question jurisdiction); Stephens Cnty. v. Wilbros, LLC, No. 2:12-CV-0201, 2012 WL 4888425, at *2 (N.D. Ga. Oct. 6, 2012) (allegations that violations of the Clean Water Act established negligence per se under state law do not establish federal question jurisdiction over negligence claims).

       While the Grable, Jairath, and the Stephens courts considered the application of a federal standard of care to state-law tort claims under the substantial federal question prong of federal question jurisdiction, their analysis and concerns apply here.  If the Court construed the preemption of a state-law

standard of care as sufficient to establish federal question jurisdiction over a state-law negligence claim, it would "herald[] a potentially enormous shift of traditionally state cases into federal courts." Cf. Grable, 545 U.S. at 319. Where Congress has enacted a statute without a private federal cause of action, it is "improbable that [] Congress . . . would have meant to welcome any state-law tort case implicating federal law" solely because the violation of the federal statute or its regulations establish the standard of care in a state-law negligence action. Cf. Grable, 545 U.S. at 319.

The Court concludes that the ACAA does not completely preempt state-law negligence claims brought by disabled individuals, and that the ACAA's preemption of the state-law standard of care does not provide the Court with jurisdiction over Plaintiff's claims.

### 4. Substantial Federal Question

In addition to preemption, federal jurisdiction exists also where a state-law claim raises "substantial questions of federal law . . . ." Dunlap, 381 F.3d at 1290 (citing Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 13 (1983)). Defendant does not assert in its Notice or in its Response to the Motion to Remand that Plaintiff's state-law negligence claims raise a substantial question of

federal law.  The Court notes that the ACAA preemption of Massachusetts'

standard of care does not automatically raise a substantial question of federal law.

The Eleventh Circuit, in a case involving the ADA, concluded that the

district court erred when it denied plaintiff's motion to remand the case to state

court.  Jairath v. Dyer, 154 F.3d 1280, 1284 (11th Cir. 1998).  The plaintiff filed a

suit for damages pursuant to O.C.G.A. § 51-1-6, which provides:

> When the law requires a person to perform an act for the benefit of
> another or to refrain from doing an act which may injure another,
> although no cause of action is given in express terms, the injured party
> may recover for the breach of such legal duty if he suffers damage
> thereby.

Id. at 1281.  The ADA created the legal duty that provided the basis for

plaintiff's claim.  Id.

The defendant removed the action to the United States District Court

for the Northern District of Georgia, and the plaintiff filed a motion to

remand.  Id.  The district court concluded that the plaintiff's cause of action

involved a substantial federal question in the nature of the legal duty

imposed by the ADA, and denied the plaintiff's motion to remand, and

subsequently granted the defendant's motion for summary judgment.  Id.

The Eleventh Circuit reversed, concluding that the "congressional intent not

to provide a private damages remedy for this kind of ADA violation is, in the

instant case is . . . 'tantamount to a congressional conclusion that the presence of a claimed violation of the statute as an element of a state cause of action is insufficiently 'substantial' to confer federal-question jurisdiction.'" Id. at 1284 (citing Merrell Dow Pharm. Inc. v. Thompson, 478 U.S. 804, 814 (1986)).  The same is true here, where the ACAA does not provide for a private cause of action, see Love, 310 F.3d at 1359-60, and the ACAA preempts Massachusetts' standard of care.[12]  See Jairath , 154 F.3d at 1284; see also Merrell Dow, 478 U.S. at 812 ("The significance of the necessary assumption that there is no federal private cause of action thus cannot be overstated.").[13]  The Court concludes that the application of the ACAA's standard of care does not raise a substantial federal question.  See, e.g. Jairath, at 1284; see also Bennett v. Sw. Airlines Co., 484 F.3d 907, 912 (7th Cir. 2007) ("That some standards of care used in tort litigation come from federal law does not make the tort claim one 'arising under' federal law.").

---

[12]     The Court notes that even if the Eleventh Circuit disagreed with the Court's conclusion that the ACAA preempts state-law standards of care and instead adopted the reasoning in Elassaad, which concluded that state-law standard of care are not preempted, this would not impact the Court's conclusion here that it lacks subject matter jurisdiction.

[13]     The Court, having concluded that it does not have federal-question jurisdiction over Plaintiff's failure to assist claims, concludes that it does not have supplemental jurisdiction over Plaintiff's claims that are not based upon failure to assist.  See 28 U.S.C. § 1367(a).  The Court notes also that it does not have diversity jurisdiction over this action because both Plaintiff and Defendant are citizens of Georgia.  See Complaint ¶¶ 1-2; 28 U.S.C. § 1332(a).

33

Because complete preemption does not apply in this case and Plaintiff's claims do not raise "substantial questions of federal law" the Court lacks jurisdiction over Plaintiff's claims, and Plaintiff's Complaint is required to be remanded.[14]

---

[14]    The Court remands Plaintiff's pending Motion to Amend, which seeks, in part, to incorporate the ACAA's standard of care into her negligence claims, and Defendant's pending Motion to Dismiss Plaintiff's claims as barred by the ACAA, and its Motion for Oral Argument on its Motion to Dismiss.  See, e.g., Univ. of S. Alabama v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("Simply put, once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue.").

## III.   CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand [5] is

**GRANTED IN PART** and **DENIED IN PART**.  It is **GRANTED** with respect to

Plaintiff's request that this action be remanded.  It is **DENIED** with respect to

Plaintiff's request for attorneys' fees.[15]  The Clerk is **DIRECTED** to **REMAND**

this action to the Superior Court of Fulton County, Georgia.


**SO ORDERED** this 23rd day of February, 2015.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

---

[15]     In her Motion to Remand, Plaintiff requests that the Court award attorneys' fees, asserting that Defendant is attempting to "manufacture" federal question jurisdiction when none exist.  (Motion to Remand at 8-9)  In remanding a case, the Court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).  District courts may, in their discretion, award expenses under § 1447(c) "where the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005).  While the Court has concluded that the ACAA does not preempt Plaintiff's state-law negligence claims for failure to assist, and that no federal question jurisdiction exists, the Court notes that this is an issue of first impression in this Court and in the Eleventh Circuit. The Court concludes that Defendant did not lack a reasonable basis for seeking removal, and declines to award Plaintiff her attorneys' fees.